No. 104
### EDISON ELECTRIC CO. v. MILLER
Oho Appeals, 9th Dist., Summit County
No. 752. Decided Dec. 11, 1923

480. EVIDENCE—Carbon copy of letter to show notice of claim held admissible.

**465. ERROR**—Jury's having based verdict on defendant's evidence of value, plaintiff's incompetent evidence of same held not prejudicial.

**112. ATTACHMENT**—Owner of personal property notifying officer of rights need not file third party claim against attaching creditors to sue for conversion.

FUNK, P. J.

Epitomized Opinion
First Publication of this Opinion

The Edison Electric Co. brought an action against the Theater Supply Co. in the Municipal Court of Akron on an account and at the same time had a writ of attachment issued out of said court and a certain property attached as the property of the Theater Supply Co. The plaintiff, Miller, claimed to be the owner of and in possession of the property at the time of the attachment. He did not pursue the statutory remedy as to the "trial of right of property," but simply notified the Electric Co. that he was the owner of the property and demanded payment. Upon the failure of the Edison Electric Co. to pay the value of the property he brought the present action for the conversion of the same. Judgment was returned for the plaintiff, the defendant prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. That no error was committed by the admission of a carbon copy of a letter by the plaintiff without having served notice upon the defendant to produce the original letter, as the only purpose of this letter was to show that the defendant had notice of plaintiff's prior claim.

2. As the jury based its verdict entirely upon the defendant's evidence as to the value of the articles, the fact that there was no competent evidence on behalf of the plaintiff as to the value of the articles did not render its verdict erroneous.

3. Although an owner may pursue the remedy provided in GC. 11743, he need not pursue the same but may simply notify the attaching officer or the attaching creditor, or both, that his is the owner of the property, and if attaching creditor then persists in having the officer sell the property, the owner may bring an independent action for conversion against either or both.

**Attorneys**—Lee J. Myers and Alva J. Russell, for Edison Electric Co.; Doolittle & Foust, for Miller.